DORA BENJAMIN v. CORINNE D. REACH.

UNLAWFUL ENTRY AND DETAINER. *Possession. Ouster. Case in Judgment.*

B. owned a tract of land, and in 1876 removed therefrom, leaving her son in possession as her agent. In 1877 the son informed his wife, R., that he would not pay the taxes on the land. Thereupon R. borrowed money and gave it to her husband, who therewith bought the land for R., when sold for taxes. R. then went upon the land, claiming it by virtue of her tax- deed, and, finding there a tenant who had been given possession by her husband as the agent of his mother, directed such tenant to remain in possession as her (R.'s) tenant; to which he assented. In 1885 B. returned, went on the land, occupied the residence, and directed the tenant who was still in possession to remove to a cabin on the place, which he did. R. then brought an action of unlawful entry and detainer against B. *Held*, that such action is not maintainable. In the circumstances set out the possession of B. was continuous, the acts of R. not being sufficient to constitute an ouster.

APPEAL from the Circuit Court of Harrison County.

HON. S. H. TERRAL, Judge.

This is an action of unlawful entry and detainer brought by Mrs. Corinne Reach against Mrs. Dora Benjamin to recover

possession of certain land in Harrison County. There was a verdict and judgment in the Circuit Court for the plaintiff. The defendant appealed. The other facts in the case are sufficiently stated in the opinion of the court.

*Ben Lane Posey*, for the appellant.

I contend that upon the evidence the defendant was never out of possession of the premises; that from 1876, when she left for Texas, she continued to remain in possession of the premises by her agent Reach, and by her tenant Betford, until in 1886, when she returned from her long absence and resumed possession of her residence and home, while her tenant was still in possession. If this view be correct, and it was the fact as shown by uncontradicted evidence and by witnesses on both sides, and the testimony of both parties, then the verdict and judgment below were erroneous and should be reversed.

*Champlin & Evans*, for the appellee.

We hold that plaintiff's case as to her right of possession to the premises in question was clearly made out by virtue of her tax deed, and conclusively so from the fact as shown by the testimony, that plaintiff had since her purchase of the premises in 1878 up to 1881, a period of eight years, been in the quiet, peaceable possession by her tenant, whose testimony fully corroborated that of the plaintiff on that point.

The right to institute and maintain this action by plaintiff is clear from the proof adduced. Plaintiff being owner and placing her tenant on said premises in 1878, and the defendant disregarding plaintiff's rights, and without lawful authority entered the premises, driving plaintiff's tenant out.

COOPER, C. J., delivered the opinion of the Court.

The appellant was the owner of the land in controversy, and in 1876 removed to the State of Texas, leaving her son, the husband of appellee, in charge of the property as her agent. In 1877, Mr. Reach informed his wife that he would not pay the taxes on the land; whereupon she borrowed from her brother a sum of money, and gave it to her husband to buy in the land at tax sale for her. This was done, and the appellee, claiming to be owner under the tax-deed, went upon the premises, and find-

ing there an occupant who had been admitted to possession by Mr. Reach, directed him to remain in possession as her agent and tenant, to which he assented. In 1885 the appellant returned from Texas and moved upon the place, re-occupying the residence which was at that time occupied by the person who had been put in possession by Mr. Reach, and who had remained in possession for Mrs. Reach. This tenant, being directed so to do by appellant, vacated the house and moved into a cabin on the land. The appellee, after her purchase at the tax-sale, went on one occasion on the premises and remained there one night, and has since that occasion been on the place a few times in the day. These are the facts stated most strongly for the appellee, and in our opinion are not sufficient to uphold the judgment she has secured. It is true that, in actions of this character, title is not involved; but only the right of possession. But a mere scrambling possession, secured by collusion with the tenant or by receiving an unlawful attornment from him, cannot be made the foundation of a right to even this possessory action as against the owner who quietly enters upon the premises and demands and receives from the tenant possession thereof. Under the facts of this case, the appellant does not show herself to be entitled to remain in possession and defeat a right of possession in appellee because she is owner; but she shows a previous peaceable possession as owner, and that this possession has remained in a person let into the premises by her agent, and a collusive agreement between this person and the appellee that he would remain in possession for appellee, and not for appellant. There has been no actual ouster of the tenant, no vacant possession upon which appellee could enter, no actual possession by appellee. Unless words are acts, the possession has always been in appellant, and she violated no right of appellee in occupying the premises. We do not think the verbal possession (if such an expression is admissible) of appellee sufficient to uphold the judgment. It is therefore reversed and cause remanded.